IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GARY EAST, | : | |
| | : | |
| Plaintiff, | : | CASE NO.: _____ |
| | : | |
| v. | : | |
| | : | |
| GENERAL MILLS OPERATIONS, LLC, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff is a putative class member and unnamed plaintiff in separate class action litigation pending in this Court, Case No. 1:24-cv-02409-MLB-JKK. To preserve all rights related to his discrimination and FMLA claims, Plaintiff files this Complaint.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(4), which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protections of civil rights, and pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court in a civil action arising

under the Constitution or laws of the United States.

2.

Plaintiff asserts claims under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.* ("§ 1981"), and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA").

3.

Pursuant to 28 U.S.C. § 1391(b), § 1391(c), and N.D. Ga. L.R. 3.1, the Atlanta Division of this Court is the proper venue for Plaintiff's claims because Defendant is subject to this Court's personal jurisdiction, 28 U.S.C. § 1391(c)(2), and a substantial part of the events or omissions giving rise to the claim occurred within the Atlanta Division of this Court. *See also* N.D. Ga. L.R. 3.1(B)(1)(a) and 3.1(B)(3).

**PARTIES**

4.

Plaintiff is a Black male and a former employee of Defendant who worked at General Mills' manufacturing facility in Covington, Georgia, until he was terminated in February 2023.

5.

Plaintiff is a citizen of the United States and resident of the State of Georgia; he submits himself to the jurisdiction of this Court.

6.

General Mills Operations, LLC ("Defendant" or "General Mills"), is a Delaware limited liability company with its principal place of business in Minneapolis, Minnesota, and was properly served by personal service of process upon its registered agent, National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046.

7.

General Mills is a covered employer under § 1981 and the FMLA.

## STATEMENT OF FACTS

8.

East started working at General Mills' Covington facility in January 2020.

9.

In September 2022, East hit a deer on the way to work, worked a full day that day, but then missed about one month of work.

10.

When East returned to work after hitting the deer, he wore a wrist brace.

11.

When supervisors saw East's wrist brace, he was immediately sent back home.

12.

After being out of work for a few months, East returned to work at General Mills around January 2023.

13.

East was granted FMLA leave and not terminated while he was out of work.

14.

On February 2, 2023, after working a few weeks, East was informed that he was being terminated for not keeping in contact with the company while he was on leave.

15.

Danny Thompson and Kevin O'Donnell were white employees who were out of work longer than East but not terminated.

## COUNT ONE

### Family and Medical Leave Act: Retaliation

16.

By taking FMLA leave at the end of 2022 and beginning of 2023, East engaged in statutorily protected activity.

17.

Defendant's termination of East was motivated by and causally related to impermissible retaliatory or discriminatory animus.

18.

As a result of Defendant's retaliatory conduct against East for exercising FMLA rights, he is entitled to wages, salary, employment benefits, and other compensation denied or lost, including front and back pay, non-wage monetary losses, liquidated damages, interest, attorney fees, and other costs of this action.

## COUNT TWO

### 42 U.S.C. § 1981: Race Discrimination

19.

East, who is a member of a racial minority (Black/African American), had an employment contract with Defendant.

20.

East was terminated for taking FMLA time whereas similarly situated white employees took more FMLA time than East were not terminated.

21.

Defendant engages in a pattern and practice of terminating Black employees if they mention having pain while working or "not being 100%"; white employees are not terminated for mentioning having pain at work.

22.

Defendant engages in a pattern and practice of refusing light duty positions or accommodations for disabilities to Black employees; white employees are given light duty positions and accommodations for work injuries and non-work injuries.

23.

Defendant intended to and did discriminate against East on the basis of race.

24.

Defendant interfered with East's employment and took adverse employment actions against him that caused financial and other harm.

25.

Defendant's proffered legitimate, non-discriminatory reason for the adverse employment action was pretext for discrimination.

26.

East's race was a but-for cause of the adverse employment action taken against him. In other words, he was retaliated against for using FMLA leave because he is Black.

27.

Defendant's discriminatory adverse employment actions against East interfered with his ability to enjoy the benefits, privileges, terms, and conditions of his contractual employment relationship.

28.

East is entitled to damages due to Defendant's violation of 42 U.S.C. § 1981.

## **PRAYER FOR RELIEF**

WHEREFORE, East demands a TRIAL BY JURY and the following relief:

(a)   Declaratory judgment that Defendant's actions violated East's § 1981 and FMLA rights;

(b)   Full back pay from the date of the adverse employment action taking into account all raises to which East would have been entitled but for Defendant's unlawful activity, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(c) Reinstatement or front pay to compensate East for lost future wages, benefits, and pension;

(d) Compensatory damages in an amount to be determined by the enlightened conscience of the jury for East's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(e) Liquidated or double damages for Defendant's willful violation of the FMLA;

(f) Punitive damages in an amount to be determined by the enlightened conscience of the jury sufficient to punish Defendant for its conduct toward East and deter Defendant from similar conduct in the future;

(g) Award of costs and expenses of this action, together with reasonable attorney and expert fees;

(h) Judgment against Defendant for damages incurred by East;

(i) Judgment against Defendant in an amount to fully and adequately compensate East;

(j) An award of pre-judgment and post-judgment interest;

(k) A trial by jury on all issues triable to a jury; and

(l) Other and further legal and equitable relief as the Court deems just.

Respectfully submitted this 29th day of December 2024.

By: /s/ Douglas H. Dean
Georgia Bar No. 130988
Attorney for Plaintiff
Dean Thaxton, LLC
601 E. 14th Avenue (31015)
Post Office Box 5005
Cordele, Georgia 31010
T: (229) 271-9323
F: (229) 271-9324
E: *doug@deanthaxton.law*

By: /s/ Linda G. Carpenter
Georgia Bar No. 111285
Attorney for Plaintiff
The Brosnahan Law Firm
31 Lenox Pointe, NE
Atlanta, GA 30324
T: (404) 853-8964
F: (678) 904-6391
E: *lgc@brosnahan-law.com*